[Crim. No. 759.  Second Appellate District, Division Two.—January 7, 1921.]

In the Matter of the Application of IRENE SHEPARD for a Writ of Habeas Corpus.

[1] PUBLIC HEALTH—AFFLICTION WITH ISOLABLE DISEASE—BASIS FOR REASON TO BELIEVE—SUFFICIENCY OF.—Under section 2979a of the Political Code, which makes it the duty of health officers and others to take necessary measures to protect the public against the spread of certain diseases from persons whom such officers know or have reason to believe are afflicted with such diseases, more than a mere suspicion that an individual is afflicted with an isolable disease is necessary to give an officer "reason to believe" that such person is so afflicted.

51 Cal. App.—4

PROCEEDING on Habeas Corpus to secure the release of a woman held under quarantine and isolation. Petitioner discharged.

The facts are stated in the opinion of the court.

A. W. Treadwell and W. M. Tompkins for Petitioner.

C. G. Selleck for Respondent.

WORKS, J.—The petition in this matter is presented by a friend of Irene Shepard, and alleges that the latter is held under quarantine and isolation by the respondent, Dr. Alex M. Lesem, but that she is not afflicted with any disease quarantinable or isolable under the law. It is further alleged that the respondent has no information of the existence in Mrs. Shepard "of such diseases as may . . . be made the cause" for her quarantine and isolation.

The respondent, by his return to the writ, alleges that Mrs. Shepard is isolated in a hospital under his charge, "suspected of being infected with a contagious, infectious and communicable disease, namely, syphilis and gonococcus infection"; that, in his opinion, "it is now necessary to isolate the said Irene Shepard until an examination is made to determine whether said Irene Shepard is infected with said diseases or either of them"; and "that there is reasonable cause to believe that she is so infected." He further alleges that Mrs. Shepard refuses to submit herself to the desired examination.

The circumstances under which the woman is detained, stating them most favorably to the contention of respondent and disregarding Mrs. Shepard's denials, are shown by the evidence presented to us to be these: A deputy sheriff was told by three negro sailors that there were some girls to be found at the residence of Mrs. Shepard. The sailors then pointed out the house, she being in front of the place at the time. Two days later the deputy went to the house and remained there about two minutes. While there he asked Mrs. Shepard if she would indulge in sexual intercourse with him for a consideration, and she said she would. It then was arranged that the deputy should return later to commit the act. Some days after-

ward, another officer, under whom the deputy sheriff had been working, swore to a complaint against Mrs. Shepard, charging her, in due form, with conducting and maintaining a house for the purpose of assignation and prostitution. She was thereupon, but without warrant or other legal process, taken to the city jail, where she remained but about ten minutes. At the end of that time she was ordered by respondent to be taken to the city hospital, in which she has since been detained.

[1] If the respondent has any power to deprive Mrs. Shepard of her liberty, that power is to be predicated upon the provisions of section 2979a of the Political Code, which makes it the duty of health officers and others to take necessary measures to protect the public against the spread of certain diseases from persons whom such officers know or have reason to believe are afflicted with such diseases. There is certainly nothing in the record here to show that the respondent knows Mrs. Shepard to be diseased, and we cannot see that he has sufficient reason to believe that she is diseased. Paying just regard to the constitutional guaranties of the right to personal liberty and personal security, it must be asserted that more than a mere suspicion that an individual is afflicted with an isolable disease is necessary to give an officer ''reason to believe'' that such person is so afflicted. The circumstances disclosed to us here are lacking in the elements necessary to establish even a well-defined suspicion that Mrs. Shepard is diseased as alleged in the return. The facts before us come within the purview of the language of the court in *Ex parte Dillon* (*In re Milstead*, 44 Cal. App. 239), 186 Pac. 170.

It is ordered that Mrs. Shepard be discharged from the custody of the respondent.

Finlayson, P. J., and Craig, J., concurred.